UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL R. EWING, et al., | CASE NO. 2:22-cv-11453 |
|     *Plaintiffs*, | HON. SEAN F. COX |
| v. | DISTRICT JUDGE |
| WAYNE COUNTY SHERRIFF, et al., | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
|     *Defendants*. | |
| _____/ | |

**ORDER ON PLAINTIFFS' MOTION TO EXPEDITE SCREENING, SERVICE, AND RULING ON MOTION FOR PRELIMINARY INJUNCTION (ECF Nos. 58)**

**A. Introduction**

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven current and former Wayne County Jail inmates. Although Plaintiffs filed their original complaint in June 2022, the Court sat on their complaint for almost a year before issuing summons and directing service. (ECF No. 1; ECF No. 40, PageID.253–54). During the interim, Plaintiffs filed a slew of motions, including a motion for leave to file their first amended complaint and a motion for a preliminary injunction that would require the Jail to provide them "recreational time." (EF No. 29, PageID.225; *see also* ECF No. 16). Shortly before it screened their complaint and issued summonses, the Court denied their motion for a preliminary injunction,

1

reasoning that no defendant had yet been served and that it could not decide the motion "without a response from the defendants." (ECF No. 29, PageID.227–28). The Court allowed Plaintiffs to renew their motion once the record had been adequately developed. (*Id.* at PageID.228).

The Court then screened Plaintiffs' first amended complaint; dismissed their claims against Defendants Lynch, Brown, and Kenny; and directed the United States Marshals Service "to serve the appropriate papers" on the remaining defendants. (ECF No. 40, PageID.253–54). A month later—before any Defendant had either been served or waived service—Plaintiffs renewed their motion for a preliminary injunction and moved to file their second amended complaint, adding claims against Pamela Rose, Toth, Williams, Crawford, and an unidentified John Doe. (ECF Nos. 47, 49, 50; *see also* ECF No. 59, PageID.325). The following month, Defendant Allen and the Wayne County Sherriff's Office waived service, and two days later, three of the Plaintiffs moved the Court to "expedite" its "screening" and "servi[ce]" of the complaint in addition to its consideration of their renewed motion for a preliminary injunction. (ECF No. 56; ECF No. 57; ECF No. 58, PageID.321, 323).

Soon after, the Court accepted Plaintiffs' second amended complaint as the operative complaint and ordered the Marshal to serve those additional defendants. (ECF No. 59, PageID.325). As of today, no defendants besides the Wayne County Sherriff's Office and Allen have either waived service or been served with

2

summonses. Two of the Defendants—Robert Dunlap and Pamela Rose—have been asked by the Marshal to waive service but have not yet responded. (*See* ECF No. 61, PageID.330; ECF No. 62). As for the remaining defendants—Williams, Crawford, Toth, Boyer, and John Doe—the Marshals Service was "unable" to serve the necessary documents because they did not have their full names. (ECF No. 80, PageID.459). To enable the Marshal to locate these Defendants, the Undersigned recently ordered the Wayne County Sherriff's Office to provide their first names. (*Id.*) The Undersigned later ordered all defendants to respond to the Plaintiffs' motion for a preliminary injunction by September 11. (ECF No. 79).

B. Analysis

Plaintiffs' motion to expedite will be denied for a few reasons. First, to the extent Plaintiffs ask the Court to expedite the "screening" of their complaint, their request is now moot. Because the Court has already accepted their second amended complaint and directed the United States Marshals Service to serve all Defendants, it has already screened and accepted Plaintiff's complaint. (ECF No. 59, PageID.325; ECF No. 40 (screening Plaintiffs' First Amended Complaint and directing service)); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915A(a).

Likewise, the Court cannot expedite service of Plaintiffs' complaint. Once the Court screens an in forma pauperis plaintiff's complaint and directs service, it relies on the Clerk of Court to issues summonses and on the United States Marshal Service to serve each defendant with a summons and a copy of the complaint on behalf of the plaintiff. Fed. R. Civ. P. 4(b); E.D. Mich. LR 4.1(b); *see Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); 28 U.S.C. § 1915(d) (2018). Because the Court here has already screened Plaintiffs' complaint and directed service on all defendants, there is nothing left that it can "expedite." (ECF No. 59, PageID.325). Still, the Court has taken measures to assist the Clerk of Court and the Marshal in serving the Defendants. Indeed, the Court recently ordered the Wayne County Jail to provide the full names of four defendants after learning that the Clerk of Court could not issue summonses without these Defendants' first names. (ECF No. 40, PageID.250–51).

Nor will the Undersigned issue a report and recommendation on Plaintiffs' motion for a preliminary injunction at this time. Under Federal Rule of Civil Procedure 65, courts may only issue a preliminary injunction "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Although it is true that courts assume responsibility for effecting service where a plaintiff proceeds *in forma pauperis*, this does not excuse Rule 65's requirement that the opposing party receive notice before the court can enter a preliminary injunction. *Ross v. Arnestos*, No. 21-cv-05293,

4

2021 WL 3934250, at *1 (N.D. Cal. Aug. 30, 2021); *Jackson v. Lycos*, No. 19-CV-2325, 2019 WL 4080627, at *1 (D. Minn. Aug. 28, 2019); *Claiborne v. JP Morgan Chase Bank Nat'l Ass'n*, No. 1:18-CV-5542, 2019 WL 7491488, at *2 (Jan. 11, 2019). *See generally* 28 U.S.C. § 1915(d). Because seven of the nine remaining defendants have yet to be served, and because the two defendants who have appeared in this action have not had sufficient time to respond to Plaintiffs' motion, no defendant has been notified of Plaintiffs' motion as required by Rule 65. (*See* ECF No.56; ECF No. 57; *see also* ECF No. 79, PageID.458 (ordering "all defendants" to respond to Plaintiff' motion for a preliminary injunction by September 11, 2023)). Thus, the Undersigned could only recommend that the Court deny Plaintiffs' motion if she were to issue a report and recommendation at this time.

True, Defendants need not be notified for the Court to issue a Temporary Restraining Order ("TRO"). But the Plaintiffs ask only for a preliminary injunction, not a TRO. (ECF No. 49, PageID.274–87). And even if their motion could be construed as a request for a TRO, it is procedurally defective. A court may only issue a TRO without notice to the opposing party if the movant (1) demonstrates that he or she will suffer an "immediate and irreparable injury . . . before the adverse party can be heard," and (2) "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). While the Plaintiffs may have demonstrated that they will suffer an immediate and irreparable

5

injury absent an injunction, they have not described any efforts to notify the Defendants of their request for an injunction, nor do they explain why they should not be required to do so. (ECF No. 49, PageID.274–87).

Thus, the Undersigned cannot recommend that the Court grant either a preliminary injunction or a TRO at this time. But rather than deny Plaintiffs' motion without prejudice and require Plaintiffs to renew their motion for a third time, the Undersigned elects to defer consideration of the motion until all necessary Defendants have had an adequate opportunity to respond.

For these reasons, Plaintiff's motion to expedite (ECF No. 58) is **DENIED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  August 24, 2023                         s/ PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge