UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTOINE BOWMAN, | Case No. 2:24-cv-10188 |
| *Plaintiff,* | George Caram Steeh<br>United States District Judge |
| v. | |
| WAYNE COUNTY SHERIFF, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S LETTER THAT THE COURT CONSTRUES AS A MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 152)**

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DENY** Antoine Bowman's motion for a preliminary injunction (ECF No. 152).

**II.   REPORT**

**A.   Background**

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven current and former Wayne County Jail inmates. (ECF No. 1, PageID.2–4). The plaintiffs filed their original complaint in June 2022, alleging that despite the waning severity of the COVID-19 pandemic, officials at the Wayne County Jail have lagged behind the rest of the world by failing to lift their COVID-19 restrictions.

1

(*Id.* at PageID.5–8). Specifically, the Plaintiffs accused the Jail of prohibiting in-person visitation, recreation, and access to "fresh air." (*Id.*)

Bowman notified the Court in September 2022 that he had been transferred to the Michigan Department of Corrections, and he provided the Court with an updated mailing address. (ECF No. 23). Over a year later, the Court dismissed five of the plaintiffs for failure to prosecute and severed the remaining six plaintiffs, including Bowman, into separate actions. (ECF No. 147, PageID.881). The Court assigned individual case numbers to each of the severed plaintiffs and instructed each plaintiff to file a proposed amended complaint. (*Id.*)

Bowman submitted his proposed amended complaint in February 2024. (ECF No. 153, PageID.902). In addition to reasserting his claims regarding in-person visitation and outdoor recreation, Bowman's amended complaint adds several new claims. (*Id.* at PageID.894–98). He alleges, for example, that he was forced to eat "cold" food and drink lead-contaminated water; that he was denied access to the jail's law library; and that he was denied medical care for "pounding headaches, agonizing stomach pain, and severe dizziness . . . ." (*Id.* at PageID.895–96, 900, 905).

Further, Bowman alleges that officials violated his Fourth Amendment rights by searching his cell and conducting unnecessary strip searches. (*Id.* at PageID.899–900, 904–05). Although his complaint could be clearer, Bowman appears to allege

2

that he was subjected to these searches in "retaliation" for filing "grievances" concerning the "Defendants." (*Id.* at PageID.899). Bowman does not allege that the Defendants retaliated against him for signing the original complaint in this matter. Indeed, he provides dates for only two searches—both of which occurred before any defendant was notified of this case. (*Compare id.*, *with* ECF Nos. 56, 57, 62, 85–89).

Soon after mailing his amended complaint, Bowman sent what was do0cketed as a letter but what the court construes as a motion for the Court to enter a preliminary injunction. (ECF No. 152). Bowman explained that the Michigan Court of Appeals had recently remanded his criminal conviction to the Wayne County Circuit Court for resentencing, and that he would be transferred to the Wayne County Jail before his March 27 hearing. (*Id.* at PageID.887). Bowman fears that while in the Wayne County Jail's custody, officials may "physical[ly]" harm him in "retaliation" for this case. (*Id.*)

### C. Analysis

I suggest that the Court deny Bowman's motion for a preliminary injunction because he seeks relief unrelated to his claims against the Defendants. Under Federal Rule of Civil Procedure 65, the Court may enter a preliminary injunction "to prevent irreparable injury" to the plaintiff. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The purpose of a preliminary injunction "'is to protect the

3

movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was . . . harmed through the illegality *alleged in the complaint*.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (emphasis added) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997)). Put differently, a preliminary injunction is appropriate where "the movant has shown she is likely to win at trial but that waiting until then to provide relief will cause her irreparable harm." *Berryman v. Stephenson*, No. 21-10925, 2022 WL 3684591, at *2 (E.D. Mich. Aug. 25, 2022).

Because preliminary injunctions are designed to accelerate the relief a plaintiff normally could not receive until after trial, a plaintiff "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint'" to obtain preliminary injunctive relief. *Colvin*, 605 F.3d at 300 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). And to demonstrate an adequate "relationship" between the injunction and the complaint, it is not enough for a plaintiff to simply show that the injunction would prevent a harm that is like those alleged in the complaint. *See id.*; *see also Omega*, 111 F.3d at 16. Nor is it enough for the plaintiff to show that the irreparable harm arises out of the same set of facts as the complaint. *See Jackson v. Proctor*, No. 3:20-cv-4810155, 2020 WL 4810155, at *2 (E.D. Ky. July 27, 2020). The injunction

4

must remedy the precise harm for which the plaintiff seeks redress in his or her complaint.  *See Berryman*, 2022 WL 3684591, at *2.

That is why most courts hold that they cannot issue a preliminary injunction to enjoin prison officials from interfering with a prisoner's access to the courts where the prisoner does not allege any such interference in his or her complaint.  Take *Devose v. Herrington* for example.  42 F.3d at 471.  There, a prisoner sued a group of prison officials for providing him "inadequate medical treatment" after he was "injured in a van accident while being transported between units."  *Id.*  After filing his complaint, the prisoner moved for a preliminary injunction, asserting that the officials retaliated against him for filing the lawsuit by "fil[ing] trumped-up disciplinary charges. . . ."  *Id.*  The Eighth Circuit denied the prisoner's motion, reasoning that while his "assertions might support additional claims against the same prison officials," his motion for a preliminary injunction had "nothing to do" with the "claim raised" in his complaint.  *Id.*  And the fact that the officials' actions may have interfered with the prisoner's ability to litigate his lawsuit made no difference to the Court's analysis.  *See id.*; *accord Annabel v. Frost*, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018); *Jackson*, 2020 WL 4810155, at *2; *Beasley v. Westbrooks*, No. 3:16-cv-03010, 2018 WL 272682, at *6 (M.D. Tenn. Jan. 3, 2018).

As in *Devose*, Bowman's motion for a preliminary injunction "has nothing to do" with the harms alleged in his complaint.  42 F.3d at 471.  Although Bowman

5

broadly accuses the Defendants of "retaliation," he alleges only that the Defendants retaliated against him for filing internal "grievances." (ECF No. 153, PageID.898–99). What is more: all the conduct referenced in his amended complaint occurred before the Marshals Service asked any of the Defendants to waive service, and much of the alleged conduct predates Bowman's original, June 2022 complaint. (*Id.* at PageID.895–96, 904–05). At bottom, Bowman asks the Court to do more than expedite his desired relief while his case is pending, he seeks to use a Rule 65 motion to circumvent pleading what should be a new cause of action.

None of this is to say that Bowman is without any remedy for retaliation. Bowman can file a new action or supplement his complaint under Federal Rule of Civil Procedure 15(d), and if he were to do so, he might then file a cognizable motion for a preliminary injunction to address the injuries identified in his current motion.[1]

---

[1] Bowman's ability to cure this deficiency by supplementing his pleadings is also why the Court cannot enjoin the Defendants pursuant to the All Writs Act rather than Rule 65. The All Writs Act allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2018). Some courts have relied on this statute to enjoin prison officials (both defendants and nonparties) from interfering with a prisoner's ongoing litigation. *E.g.*, *Lopez v. Cook*, No. 2:03-cv-1605, 2014 WL 1488518, at *2–4 (E.D. Cal. Apr. 15, 2014). *See generally United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977). However, an All Writs injunction is a "residual" power, only appropriate where no other statute can provide relief. *Pennsylvania Bureau of Correction v. USMS*, 474 U.S. 34, 43 (1985). Because Bowman does not allege that he cannot supplement his complaint or file a new action, he can obtain the same relief through § 1983. *Cf. Chambers v. Cassady*, 639 F. App'x 400, 400 (8th Cir. 2016) ("[R]elief under the All Writs Act is only available

But because his complaint, as currently pled, does not address these injuries, the Court cannot grant injunctive relief at this time.

That alone should dispose of Bowman's motion. Yet even if Bowman's complaint did allege that he was at risk of retaliation upon his return to the Wayne County Jail, Bowman would lack standing to pursue this claim. The Constitution grants federal courts only the power to decide "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. In other words, federal courts may only decide "actual, ongoing" disputes between parties. *Kentucky v. United States ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014). To establish that his or her case is an "actual" justiciable dispute, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by favorable decision'" and the plaintiff's "requested relief." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 659 (6th Cir. 2007).

---

to parties who lack an adequate alternative remedy . . . and an action under 42 U.S.C. § 1983 is available to a prisoner who claims that prison policies on legal assistance and supplies have resulted in a denial of access to the courts and have caused an actual injury to the prisoner."); *Wall v. Pearson*, 323 F. App'x 391, 392 (5th Cir. 2009).

An "injury in fact" is one that is "actual or imminent," rather than "conjectural or hypothetical . . . ." *Id.* at 158. To have standing "when seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001); *see also Susan B. Anthony List*, 573 U.S. at 158 ("An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.").

Bowman fails to allege a "significant possibility" of retaliation. *Grendell*, 252 F.3d at 832. Nowhere in his motion does Bowman explain why he believes that Jail officials will retaliate against him upon his return to the jail. (ECF No. 152, PageID.887). Nor does he identify any threats or past conduct suggesting that jail officials will physically harm him for bringing this case. (*Id.*) In fact, none of Bowman's former coplaintiffs who have remained in the Jail's custody after notifying the Defendants of this action have brought any such misconduct to the Court's attention. Because Bowman's fear of retaliation is entirely speculative, he lacks standing to pursue injunctive relief.

### D. Conclusion

For these reasons, **I RECOMMEND** that this Court **DENY** Plaintiff's motions for a preliminary injunction (ECF No. 152).

### III. REVIEW

8

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to

9

Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date:  March 20, 2024 | s/ PATRICIA T. MORRIS<br>Patricia T. Morris<br>United States Magistrate Judge |