UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTOINE BOWMAN, | Case No. 2:24-cv-10188 |
| *Plaintiff,* | George Caram Steeh<br>United States District Judge |
| v. | Patricia T. Morris |
| WAYNE COUNTY SHERIFF, et al., | United States Magistrate Judge |
| *Defendants.* | |

## ORDER DENYING MOTION FOR ELECTRONIC SERVICE (ECF No. 167)

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven current and former Wayne County Jail inmates. (ECF No. 1, PageID.2–4). The plaintiffs filed their original complaint in June 2022, alleging that despite the waning severity of the COVID-19 pandemic, officials at the Wayne County Jail have lagged behind the rest of the world by failing to lift their COVID-19 restrictions. (*Id.* at PageID.5–8). Specifically, the Plaintiffs accused the Jail of prohibiting in-person visitation, recreation, and access to "fresh air." (*Id.*)

Bowman notified the Court in September 2022 that he had been transferred to the Michigan Department of Corrections, and he provided the Court with an updated mailing address. (ECF No. 23). Over a year later, the Court dismissed five of the

1

plaintiffs for failure to prosecute and severed the remaining six plaintiffs, including Bowman, into separate actions. (ECF No. 147, PageID.881). The Court assigned individual case numbers to each of the severed plaintiffs and instructed each plaintiff to file a proposed amended complaint. (*Id.*)

Bowman submitted his proposed amended complaint in February 2024. (ECF No. 153, PageID.902). In addition to reasserting his claims regarding in-person visitation, recreation, and access to "fresh air," Bowman's amended complaint adds several new claims. (*Id.* at PageID.894–901). He alleges, for example, that he was forced to eat "cold" food and drink lead-contaminated water; that he was denied access to the jail's law library; and that he was denied medical care for "pounding headaches, agonizing stomach pain, and severe dizziness . . . ." (*Id.* at PageID.895–96, 900, 905).

Further, Bowman alleges that officials violated his Fourth Amendment rights by searching his cell and conducting unnecessary strip searches. (*Id.* at PageID.899–900, 904–05). Although his complaint could be clearer, Bowman appears to allege that he was subjected to these searches in "retaliation" for filing "grievances" concerning the "Defendants." (*Id.* at PageID.899). Bowman does not allege that the Defendants retaliated against him for signing the original complaint in this matter. Indeed, he provides dates for only two searches—both of which occurred before any

2

defendant was notified of this case. (*Compare id.*, *with* ECF Nos. 56, 57, 62, 85–89).

A month after Bowman filed his amended pleadings, the Defendants moved the Court to grant summary judgment[1] in their favor on Bowman's pending amendments. Bowman responded to the Defendants' motion of April 12 (ECF No. 162, PageID.1002), and the Defendants mailed their response to Bowman on May 3. (ECF No. 163, PageID.1016).

By May 13, Bowman claims that he had not received the Defendants' reply brief. (ECF No. 167, PageID.1136). To avoid future issues receiving flings in a timely manner, Bowman moved the Court to order that "all communication[s]" be delivered to him via "JPay," an electronic messaging "system utilized by prisoners in" the Michigan Department of Corrections. *Regains v. Horrocks*, No. 2:21-cv-72, 2023 WL 594429, at *1 n.1 (W.D. Mich. June 27, 2023); (ECF No. 167, PageID.1136). Although his motion does not specify, the Court understands Bowman to request that all docket entries from both the Court and the Defendants be delivered through JPay. (ECF No. 167, PageID.1136).

Assuming that it has discretion to enter such an order, the Court declines to do so. The Court is not familiar with the JPay system, and Bowman does explain

---

[1] In the alternative, the Defendants also moved the Court to dismiss Bowman's visitation claim under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 155, PageID.919, 929–34).

how the system works. (*Id.*) The Court does not know the cost of the system, the kinds of documents that can be transmitted through it, or whether those documents would be reliably delivered to Bowman. Further, Bowman appears to have had few issues communicating with the Court and the Defendants through the Postal Service. Indeed, since his claims were severed, Littlejohn has consistently responded in a timely manner to filings from the Defendants, the Undersigned, and the Court. (*E.g.*, ECF Nos. 153, 159, 160, 162).

True, Bowman claims to have not received the Defendants' reply brief for at least ten days after it was sent to him. (ECF No. 167, PageID.1136). But this claim seems unlikely as Bowman was somehow aware of the precise date the Defendants' mailed their brief, and he filed a nine-page surreply just one day after claiming to have not yet received the Defendants' reply brief. (*Id.*; ECF No. 164, PageID.1101–09). In any event, the Undersigned is cognizant that Bowman's imprisonment may cause delays in the receipt and issuance of mail, and she takes these circumstances into consideration. Filings will not be ruled on without allowing for delays caused by prison officials handling Bowman's mail, and the timeliness of Bowman's filings will be measured by the "prison mailbox rule." *See Pewitte v. Hiniger*, No. 3:17-cv-00822, 2020 WL 2218754, at *8 (M.D. Tenn. May 6, 2020).

At bottom, Bowman fails to show any need for the Court or the Defendants to transmit filings to him through his prison's JPay system. Accordingly, **IT IS**

**ORDERED** that Bowman's motion "to receive all documents on the [JPay] messaging system" is **DENIED**.

Date: July 29, 2024                                S/PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge