UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTOINE BOWMAN, | Case No. 2:24-cv-10188 |
| *Plaintiff,* | George Caram Steeh<br>United States District Judge |
| v. | Patricia T. Morris |
| WAYNE COUNTY SHERIFF, et al., | United States Magistrate Judge |
| *Defendants.* | |

**ORDER GRANTING LEAVE TO AMEND AND ACCEPTING (ECF No. 153) AS THE OPERATIVE COMPLAINT**

**I.    Background**

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven current and former Wayne County Jail inmates.  (ECF No. 1, PageID.2–4). The plaintiffs filed their original complaint in June 2022, alleging that despite the waning severity of the COVID-19 pandemic, officials at the Wayne County Jail have lagged behind the rest of the world by failing to lift their COVID-19 restrictions. (*Id.* at PageID.5–8).  Specifically, the Plaintiffs accused the Jail of prohibiting in-person visitation, recreation, and access to "fresh air."  (*Id.*)

Before the Court issued summons and directed service the following year, the Plaintiffs filed a slew of motions, including several motions for leave to file their

1

first amended complaint. (ECF No. 40, PageID.253–54; e.g., ECF Nos. 3–5, 12–13, 16). The Court accepted the last of these complaints (ECF No. 16) as the operative complaint. (ECF No. 29, PageID.225). This amended complaint (signed by all eleven plaintiffs) added three new defendants: Richard Lynch, Zenbell Brown, and Timothy Kenny. (ECF No. 16, PageID.154, 159, 172, ¶¶ 19–21). The complaint accused these defendants—all employees of the Wayne County Circuit Court—of violating the Plaintiffs' rights to speedy trials. (Id. at PageID.168–69). The amended complaint also added a claim accusing jail officials of interfering with the plaintiffs' incoming mail by withholding letters for extended periods and sometimes returning letters to their sender without notice. (Id. at PageID.159–60, 165–68). Soon after the Court accepted this complaint, it dismissed the speedy trial claims against Lynch, Brown, and Kenny, reasoning that these claims were misjoined. (ECF No. 40).

The Court later dismissed five of the plaintiffs for failure to prosecute and severed the remaining six plaintiffs, including Bowman, into separate actions, assigning individual case numbers to each of the severed plaintiffs. (ECF No. 147, PageID.881). But before severing the action, the Court had accepted a second amended complaint to which not all plaintiffs were signatories. (ECF No. 137, PageID.782 (first citing ECF No. 50, PageID.307; and then citing ECF No. 59, PageID.324)). That complaint added Pamela Rose, Toth, Williams, Crawford, and

an unidentified John Doe as Defendants. (ECF Nos. 47, 49, 50; see also ECF No. 59, PageID.325). It also added three new claims, alleging that the Defendants (1) "cop[ied] and store[d]" their notarized, legal materials; (2) withheld their "certified trust account statements," and (3) neglected to "implement a system" for inmates to send "priority mail to the courts and attorneys." (ECF No. 50, PageID.305, ¶¶ 46–48). Although only five plaintiffs signed the complaint, the Court accepted it as the operative complaint. (ECF No. 50, PageID.307–08; ECF No. 59). Bowman did not sign this complaint. (*Id.*)

This created some ambiguity when the Plaintiffs were severed. Was the second amended complaint valid without the signatures of all eleven Plaintiffs? Did it replace the first amended complaint in its entirety, or did it only amend the claims of its signatories? And which complaint applied to the two severed Plaintiffs who did not sign the second amended complaint?

To eliminate any uncertainty, the Court instructed each severed Plaintiff to clarify their claims by filing "proposed" amended complaints in their respective cases. (ECF No. 147, PageID.881; see also ECF No. 137, PageID.800). Once presented with a Plaintiff's proposed complaint, the Court would then either grant or deny leave to amend, as required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1. (ECF No. 157, PageID.927–28); see E.D. Mich. L.R. 15.1

(requiring all motions to amend to be accompanied by the entire "proposed amended pleading").

Bowman submitted his proposed amended complaint in February 2024. (ECF No. 153, PageID.902). In addition to reasserting his claims regarding in-person visitation, recreation, and access to "fresh air," Bowman's amended complaint adds several new claims. (*Id.* at PageID.894–901). He alleges, for example, that he was forced to eat "cold" food and drink lead-contaminated water; that he was denied access to the jail's law library; and that he was denied medical care for "pounding headaches, agonizing stomach pain, and severe dizziness . . . ." (*Id.* at PageID.895–96, 900, 905).

Further, Bowman alleges that officials violated his Fourth Amendment rights by searching his cell and conducting unnecessary strip searches. (*Id.* at PageID.899–900, 904–05). Although his complaint could be clearer, Bowman appears to allege that he was subjected to these searches in "retaliation" for filing "grievances" concerning the "Defendants." (*Id.* at PageID.899). Bowman does not allege that the Defendants retaliated against him for signing the original complaint in this matter. Indeed, he provides dates for only two searches—both of which occurred before any defendant was notified of this case. (*Compare id.*, *with* ECF Nos. 56, 57, 62, 85–89). The amended complaint names only Raphael Washington, Robert Dunlap, and Fredryn Allen as defendants. (ECF No. 155, PageID.890, 892–93).

4

The Defendants did not ask the Court to deny leave to amend. Instead, a month after Bowman filed his amended pleadings, the Defendants moved the Court to grant summary judgment[1] in their favor on Bowman's pending amendments.

## II. Discussion

A party may amend its pleadings only once as a matter of course, and only within twenty-one days of service where, as here, no responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Bowman has already amended his complaint at least once and the deadline to amend his complaint as a matter of course has long passed, he may not amend his pleadings without the Court's leave or the Defendants' consent.

Although courts have discretion in whether to permit a plaintiff to amend their complaint, they "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Berry v. Specialized Loan Servicing, LLC*, No. 2:18-cv-02721, 2020 WL 348557, at *4 (W.D. Tenn. Feb. 24, 2020). So, absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," or any other similar

---

[1] In the alternative, the Defendants also moved the Court to dismiss Bowman's visitation claim under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 155, PageID.919, 929–34).

circumstance, courts generally should allow amendment. *Troxel Man. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970–71 (6th Cir. 1973) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Defendants do not ask the Court to deny leave to amend. There is no evidence of undue delay, prejudice, or bad faith. And while the Defendants move the court to dismiss or enter summary judgment on each claim in Bowman's proposed amended complaint, they do not argue that the Court should deny leave to amend on the grounds that these claims would be futile. Thus, the Court grants Bowman leave to amend his complaint.

### III. Conclusion

For these reasons, the Court **GRANTS** Bowman leave to amend his complaint and accepts ECF No. 153 as the operative complaint.

Date: July 29, 2024                    S/PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge