## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTOINE BOWMAN,

                *Plaintiff*,

*v.*

WAYNE COUNTY SHERIFF,
ROBERT DUNLAP,
and ALLEN,

                *Defendants*.

_____/

Case No. 2:24-cv-10188

George Caram Steeh
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 155), DEFENDANTS' MOTION TO STRIKE (ECF No. 170), AND PLAINTIFF'S MOTION FOR LEAVE (ECF No. 171)

## I.     RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **GRANT** Defendants' motion to dismiss or for summary judgment (ECF No. 155), **DENY** Defendants' motion to strike (ECF No. 170) **AS MOOT**, and **DENY** Plaintiff's motion for leave (ECF No. 171) **AS MOOT**. If adopted, the Court would dismiss all of Plaintiff's claims **WITHOUT PREJUDICE**.

## II.     REPORT

### A.     Background

1

This is a civil rights action under 42 U.S.C. § 1983 originally brought by a group of eleven Wayne County Jail inmates.  (ECF No. 1, PageID.2–4).   The plaintiffs filed their original complaint in June 2022, alleging that despite the waning severity of the COVID-19 pandemic, officials at the Wayne County Jail have lagged behind the rest of the world by failing to lift their COVID-19 restrictions.  (*Id.* at PageID.5–8).  Specifically, the Plaintiffs accused the Jail of prohibiting in-person visitation, recreation, and access to "fresh air."  (*Id.*)

Before the Court issued summons and directed service the following year, the Plaintiffs filed a slew of motions, including several motions for leave to file their first amended complaint.  (ECF No. 40, PageID.253–54; *e.g.*, ECF Nos. 3–5, 12–13, 16).  The Court accepted the last of these complaints (ECF No. 16) as the operative complaint.  (ECF No. 29, PageID.225).  The amended complaint added a claim accusing jail officials of interfering with the plaintiffs' incoming mail by withholding letters for extended periods and sometimes returning letters to their sender without notice.  (ECF No. 16, PageID.159–60, 165–68).

The Court later dismissed five of the plaintiffs for failure to prosecute and severed the remaining six plaintiffs, including Bowman, into separate actions, assigning individual case numbers to each of the severed plaintiffs.  (ECF No. 147, PageID.881).  But before severing the action, the Court had accepted a second amended complaint to which not all plaintiffs were signatories.  (ECF No. 137,

PageID.782 (first citing ECF No. 50, PageID.307; and then citing ECF No. 59, PageID.324)).  That complaint added Pamela Rose, Toth, Williams, Crawford, and an unidentified John Doe as Defendants.  (ECF Nos. 47, 49, 50; *see also* ECF No. 59, PageID.325).  It also added three new claims, alleging that the Defendants (1) "cop[ied] and store[d]" their notarized, legal materials; (2) withheld their "certified trust account statements," and (3) neglected to "implement a system" for inmates to send "priority mail to the courts and attorneys."  (ECF No. 50, PageID.305, ¶¶ 46–48).  Although only five plaintiffs signed the complaint, the Court accepted it as the operative complaint.  (ECF No. 50, PageID.307–08; ECF No. 59).

Bowman did not sign this complaint.  (*Id.*)  So, to clarify his claims, the Court instructed Bowman to file a "proposed" amended complaint.  (ECF No. 147, PageID.881; *see also* ECF No. 137, PageID.800).  Once presented with Bowman's proposed complaint, the Court would then either grant or deny leave to amend, as required by Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1.  (ECF No. 157, PageID.927–28); *see* E.D. Mich. L.R. 15.1 (requiring all motions to amend to be accompanied by the entire "proposed amended pleading").

Bowman submitted his proposed amended complaint in February 2024.  (ECF No. 153, PageID.902).  In addition to reasserting his claims regarding in-person visitation, recreation, and access to "fresh air," Bowman's amended complaint adds several new claims.  (*Id.* at PageID.894–901).  He alleges, for example, that he was

3

forced to eat "cold" food and drink lead-contaminated water; that he was denied access to the jail's law library; and that he was denied medical care for "pounding headaches, agonizing stomach pain, and severe dizziness . . . ." (*Id.* at PageID.895–96, 900, 905).

Further, Bowman alleges that officials violated his Fourth Amendment rights by searching his cell and conducting unnecessary strip searches. (*Id.* at PageID.899–900, 904–05). Although his complaint could be clearer, Bowman appears to allege that he was subjected to these searches in "retaliation" for filing "grievances" concerning the "Defendants." (*Id.* at PageID.899). Bowman does not allege that the Defendants retaliated against him for signing the original complaint in this matter. Indeed, he provides dates for only two searches—both of which occurred before any defendant was notified of this case. (*Compare id.*, *with* ECF Nos. 56, 57, 62, 85–89). Bowman's proposed amendments list only Robert Dunlap, Allen, and Raphael Washington as Defendants. (*Id.* at PageID.890, 892–93).

The Defendants did not ask the Court to deny leave to amend. Instead, a month after Bowman filed his amended pleadings, Dunlap, Allen, and Washington moved the Court to grant summary judgment on Bowman's pending amendments. (ECF No. 155). In the alternative, the moved to dismiss Bowman's visitation claim for failure to state a claim for relief. (*Id.* at PageID.919, 929–34). The Undersigned

later granted Bowman leave to amend his complaint and accepted his proposed amendments (ECF No. 153) as the operative complaint. (ECF No. 177).

Bowman responded to the Defendants' motion, relying primarily on his own written assertions to challenge their summary judgment motion. (ECF No. 162, PageID.1002, 1005). After the Defendants asked the Court not to consider Bowman's factual assertions as they constituted neither a valid "declaration" nor a valid "affidavit," Bowman attempted to cure these purported deficiencies by filing a sur-reply, a second affidavit, and a "supplemental brief"—all without first obtaining the Court's permission to deviate from the ordinary briefing schedule. (ECF No. 163, PageID.1010–12). *See generally* E.D. Mich. L.R. 7.1(e). The Defendants' moved the Court to strike these filings for violating the District's local rules, and Bowman later moved the court to retroactively grant leave to file his affidavit, sur-reply, and supplemental brief. (ECF Nos. 170, 171).

### B.    Standards of Review

The Defendants move the Court to dismiss Bowman's visitation claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. In the alternative, they argue that even if Bowman has stated a plausible claim, he cannot raise a genuine dispute of material fact, and they move the Court to enter summary judgment in their favor. (*See* ECF No. 155, PageID.919, 922, 924, 929–34). On Bowman's remaining claims, the Defendants move the Court to enter

5

summary judgment on the basis that Bowman did not exhaust his administrative remedies before filing his complaint, as required by the Prison Litigation Reform Act ("PLRA").  (*Id.* at PageID.927–28).

Although the Defendants purport to move for dismissal of Bowman's visitation claim under Rule 12(b)(6), their motion implicates both Rule 12(b)(6) and Rule 12(b)(1). (*See id.* at PageID.919, 922, 924, 929–34).  In addition to challenging his Bowman's visitation claim on its merits, the Defendants argue that Bowman "fails to state a claim" for relief because he has not alleged an injury sufficient to confer Article III standing.  (*Id.* at PageID.933).  Standing, however, is a jurisdictional issue.  *State by & through Tennessee Gen. Assembly v. U.S. Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019).  It concerns not the merits of Bowman's claims, but the Court's authority to hear them.  *Id.*  And challenges to the Court's subject matter jurisdiction at the pleading stage arise under Rule 12(b)(1), not Rule 12(b)(6).  *See id.*; *Cf. McLeod v. Michigan Dept. of Treasury*, No. 11-15633, 2012 WL 2458405, at *1 (E.D. Mich. June 5, 2012).

### 1.    Rule 12(b)(1)

The Court's assessment of jurisdictional issues must precede any evaluation of a claim's merits: once jurisdiction "ceases to exist, the only function remaining to the [C]ourt is that of announcing" its lack of jurisdiction "and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also Bouye v.*

*Bruce*, 61 F.4th 485, 490 (6th Cir. 2023). Thus, where a defendant moves to dismiss a complaint under both Rule 12(b)(1) and Rule 12(b)(6), the Rule 12(b)(1) challenge must be addressed first because "the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Rule 12(b)(1), a defendant may move to dismiss a complaint on the grounds that the district court lacks subject matter jurisdiction. Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff carries the burden of proving that the district court has jurisdiction. *See id.* The court will accept the complaint's factual allegations as true insofar as the defendant facially challenges the "sufficiency of the pleading" itself. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, the complaint's factual allegations are not presumptively true where there is a factual controversy. Instead, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.*

### 2. Rule 12(b)(6)

If the Court find that it has subject matter jurisdiction, it may then assess whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that

the elements of a claim for relief could be met, then it must be dismissed for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

### 3.    Summary Judgment

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that would affect "the outcome of the suit under the governing law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there . . . are any genuine factual issues that properly can be resolved only by a finder of fact . . . ." *Id.* at 249–50, 255. Accordingly, "the evidence, all facts, and any inferences that may be drawn from the facts" must be viewed "in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95

F. App'x 132, 135 (6th Cir. 2004).  The nonmoving party cannot rebut a Rule 56 motion by merely alleging that a genuine factual dispute exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.3 (1986) (quoting Fed. R. Civ. P. 56(e)).  Instead, the nonmoving party must show that there is sufficient evidence in the record for "a reasonable finder of fact [to] find in its favor."  *Anderson*, 477 U.S. at 248.

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine dispute of material fact.  *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir.1991).

## C.    Discussion

### 1.    Visitation

The Defendants first move the Court to dismiss Bowman's claim that the Jail interfered with his right to visitation.  (ECF No. 155, PageID.933).  In addition to challenging the claim on its merits, the Defendants argue that Bowman lacks standing to challenge the Jail's visitation policy.  (*Id.*)  The Constitution only grants federal courts the power to decide "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1.  That is, courts can only decide "actual, ongoing" disputes between parties.  *Kentucky v. United States ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014).  This requirement, known as standing, prevents federal courts from issuing advisory opinions that decide theoretical questions.  *Chapman v. Tristar Prod., Inc.*, 940 F.3d 299, 303 (6th Cir. 2019).

To have standing, Bowman "must have suffered an injury-in-fact that is fairly traceable to the defendants' conduct and would likely be redressed by a favorable decision from a court. *Bouyce*, 61 F.4th at 489 (citing *Rice v. Vill. of Johnstown*, 30 F.4th 584, 591 (6th Cir. 2022)). At issue here is whether Bowman suffered an "injury-in-fact"—an injury that is both "concrete and particularized" and "actual or imminent," rather than "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Bowman alleges that during his three-month detainment, the Jail had a policy in effect that could have prevented him from receiving visitors. (ECF No. 153, PageID.894–95, ¶¶ 11, 13). Yet Bowman alleges neither that he experienced an "actual" interference with right to visitation while he was incarcerated at the Wayne County Jail, nor that the policy still imposes an "imminent" threat to his right to visitation. (*Id.*) Indeed, Bowman does not allege that if not for the Jail's policy, he would have received visitors during his brief detainment. (*Id.*) He does not specify any plans he had to meet with visitors, and he does not even identify any friends or family members that would have visited him if allowed. (*Id.*) Nor, for that matter, does Bowman allege that he faces a reasonable probability of returning to the Wayne County Jail being denied visitation in the future. (*Id.*; ECF No. 168, PageID.1140–41); *see Demery v. Arpaio*, 378 F.3d 1020, 1026–27 (9th Cir. 2004); *United States v. Wilson*, 709 F.3d 1238, 1241 (8th Cir. 2013).

Bowman does not have standing to challenge every potentially harmful policy that was on the books during his time at the Wayne County Jail.  To have sustained an injury-in-fact, Bowman must have actually incurred, or must now face "a realistic danger of sustaining," an injury stemming from the visitation policy's "operation or enforcement."  *See Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979); *see also Burnett v. Oklahoma Dept. of Corr.*, No. 16-609, 2017 WL 4077029, at *5 (W.D. Okla. June 22, 2017).  Yet Bowman alleges only that he *could have* been injured by the Jail's visitation policy.  And even in response to the Defendants' summary judgment motion, he does not clarify whether the policy ever actually prevented him from receiving visitors.  (ECF No. 162, PageID.995–1001; ECF No. 164, PageID.1107–08, ¶ 20; ECF No. 165; ECF No. 169, PageID.1142).[1] Thus, I suggest that Bowman lacks standing to challenge the Jail's visitation policy, and I recommend that the Court dismiss this claim without prejudice for lack of subject matter jurisdiction.  *See Marks v. Schafer & Weiner, PLLC*, No. 20-11059, 2022 WL 866836, at *5 (E.D. Mich. Mar. 23, 2022) (recognizing that the Sixth Circuit has "consistently held that a dismissal for lack of subject matter jurisdiction, including lack of constitutional standing under Article III, mandates a dismissal without prejudice.").

---

[1] Although Bowman mentions that his father "lives [five] to [ten] minutes from the Jail," he does not state that his father would have visited him if not for the Jail's visitation restrictions.  (ECF No. 169, PageID.1142).

### 2.   Exhaustion

The PLRA requires prisoners to exhaust their administrative remedies before filing a lawsuit against prison officials to challenge the conditions of their confinement. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). And not only must prisoners exhaust their administrative remedies before filing a complaint, but they must do so "properly," meaning that they must "compl[y] with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006). The Defendants move the Court to enter summary judgment in their favor on Bowman's remaining claims, arguing that Bowman never pursued, let alone fully exhausted, his administrative remedies before filing his complaint. (ECF No. 155, PageID.927–28).

Because exhaustion is an affirmative defense, the Defendants carry the burden proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Until they show otherwise, the Court must presume that Bowman properly exhausted his administrative remedies before filing this action. *Id.*; *see also Napier v. Laurel Cty.*, 636 F.3d 218, 225 (6th Cir. 2011). And because the Defendants seek summary judgment, they also carry the initial burden of presenting evidence showing that there is no genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 323.

To meet this initial burden, the Defendants first provide evidence that the Wayne County Jail has a "robust grievance procedure" in place.  (ECF No. 155, PageID.927 (citing ECF No. 155-4)).  As detailed in the Wayne County Jail's "Inmate Handbook," inmates may file "grievances" with the Jail concerning "virtually any" aspect of their "confinement."  (*Id.*; see also ECF No. 155-4, PageID.951))  Under this system, inmates must submit a completed "Grievance Form" within ten days of the "alleged incident or violation."  (ECF No. 155-4, PageID.952).  Inmates may complete this form through an electronic tablet, or they may deliver a paper copy to any "staff" member.  (*Id.*; ECF No. 155-5, PageID.955–56, ¶ 2).  The Jail must respond within twenty-two days of receiving the inmate's grievance, and if dissatisfied with the Jail's response, the inmate may "appeal" the Jail's decision.  (ECF No. 155-4, PageID.953).  The Grievance process ends once the Jail responds to the inmate's appeal, which it must also do within twenty-two days of receipt.  (*Id.*)

Having established that the Jail offers inmates a mechanism to pursue administrative remedies, the Defendants attach an affidavit from an official charged with "overseeing the inmate grievance process."  (ECF No. 155-5, PageID.955, ¶ 1).  This official swears that after conducting a "thorough review of" her department's "grievance records," she found no grievances submitted by Bowman concerning inadequate recreation, "improper strip searches or cell searches," denied "access to

the law library," food quality, lead or asbestos exposure, or medical care.  (*Id.* at PageID.955–6, ¶¶ 1, 3).

Bowman does not dispute that the Jail has an established grievance procedure. Instead, he submits several affidavits and declarations in which he maintains that he filed seven grievances "on paper" and "a few more on the" Jail's "tablets," but never received a response.  (ECF No. 162, PageID.1004, ¶ 2; *see also id.* at PageID.990–91, 993–94, 1002; ECF No. 164, PageID.1102, ¶ 5; ECF No. 165, PageID.1129; ECF Npo. 169, PageID.1143, ¶ 2).  These grievances, according to Bowman, were "related to" the claims in his complaint.  (ECF No. 162, PageID.990).  Suspecting that officials may have intercepted his grievances, Bowman states that he wrote to the "Director's Office" to ask why the Jail had not responded to his grievances, but he received no answer from the Director's Office.  (*See id.* at PageID.990, 994, 1004, ¶ 2

The Defendants argue that Bowman's assertions cannot raise a genuine dispute of material fact because they are "conclusory."[2]  (ECF No. 163,

---

[2] In the alternative, the Defendants ask the Court to ignore Bowman's version of events. They argue that neither Bowman's response brief (ECF No. 162, PageID.990–91, 993–94, 1002) nor his attached "affidavit" (*Id.* at PageID.1004, ¶ 2) can raise a genuine issue of fact because neither document qualifies as an "affidavit" or a "declaration."  (ECF No. 163, PageID.1010–12).  And although Bowman attempted to cure these deficiencies in his sur-reply (ECF No. 164), his "supplemental brief" (ECF No. 169), and his second "affidavit" (ECF No. 165), the Defendants move the Court to strike all of these documents on the grounds that Bowman violated the District's local rules by filing these documents without leave of Court after the Defendants' had served their reply brief.  (ECF No. 170).  For the reasons discussed in this Report, nothing in these documents would create a genuine issue

14

PageID.1012–14).  A party may raise a genuine dispute of fact by citing "materials in the record," including "affidavits" and "declarations" that are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(1)(A), (c)(4).  In fact, a party may rely exclusively on its own affidavit or declaration to create a genuine dispute of fact "even if the record lacks corroborating evidence." *Lamb v. Kendrick*, 52 F.4th 286, 296 (6th Cir. 2022).

Yet that general principle comes with a caveat: for an otherwise valid affidavit to create a genuine dispute of fact, it must present "specific facts" rather than "general allegations." *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 839, 842 (6th Cir. 2021) (internal quotation marks omitted).  "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 559–60 (6th Cir. 2009).

This rule is easier to state than it is to apply.  Any statement in a declaration or affidavit "can be considered 'conclusory' in the sense that one can always ask for

---

of material fact on any of Bowman's claims.  Thus, the Court need not address this issue, and it should deny both the Defendants' Motion to Strike (*Id.*) and Bowman's Motion for Leave (ECF No. 171) as moot.

the underlying information that supports" it.[3]    The difference between a "conclusory" statement and a "specific" statement, therefore, is a distinction in degree, not a distinction in kind.  *See Lujan*, 497 U.S. at 889.  So, to determine whether an assertion qualifies as "conclusory," a court must determine an appropriate level of generality for the party's assertions.  *See id.*

At what level of generality is a statement considered "conclusory"?  At a minimum, a party may not escape summary judgment by asserting "bare legal conclusions."  *Boykin*, 3 F.4th at 842.  In the same way that a plaintiff cannot simply recite the elements of a cause of action to state a plausible claim for relief, broadly asserting or denying an element of a claim or defense in response to a summary judgment motion "will not do."    *Id.*; *e.g.*, *Alexander*, 576 F.3d at 559–60; *see also Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020).

But that is not where the Sixth Circuit draws the line between "conclusory" and "specific" assertions.  Broad factual assertions also cannot not raise a genuine dispute, even if they are more specific than a bare recitation of the legal element they are intended to prove.  In *Reedy v. West*, for instance, the Sixth Circuit held that a prisoner failed to genuinely dispute whether he faced a "substantial risk of serious harm"—an element of his Eighth Amendment claim—by broadly asserting that he

---

[3] *See* Edward A. Hartnett, *Taming Twombly: An Update After Matrixx*, 75 L. & Contemp. Probs. 37, 40 & n.15 (2012) (citing Adam N. Steinman, *The Pleading Problem*, 62 Stan. L. Rev. 1293, 1318 (2010)); *see also Lujan v. Nat. Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

had been "threatened" by his "bunkie" and that he "fear[ed] for [his] safety." 988 F.3d 907, 912–13 (6th Cir. 2021) (internal quotation marks omitted). Sure, the prisoner's statements were more specific than a bare legal conclusion that he "faced a substantial risk" of harm. *Id.* But without more specific "supporting facts," this broad factual assertion could not raise a genuine dispute. *Id.* at 913; *see also id.* at 913 n.6; *Viet*, 951 F.3d at 824–25 (holding that an employee's testimony that he "typically worked [sixty] hours per week" was too conclusory to establish that he worked overtime—an element of his claim—because he did not explain how he arrived at his estimate). At bottom, it is not enough for a party to make factual assertions that are marginally more detailed than legal conclusions. *See, e.g.*, *Tschappatt v. Crescent Metal Prods., Inc.*, 798 F. App'x 887, 889 (6th Cir. 2020); *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008),

How, then, should a Court determine whether a factual assertion is specific enough to raise a genuine issue of material fact? As recently articulated by the Fifth Circuit "[a]n assertion is conclusory if it relies on inferences without also setting forth the facts that support those inferences." *Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024). In other words, an assertion is adequately specific if it does not require the Court to "assume" any underlying facts. *See Lujan*, 497 U.S. at 888 (internal quotation marks omitted); *Natural Res. Def. Council, Inc. v. Watkins*, 954 F.2d 974, 979 (4th Cir. 19992).

To illustrate the point, consider two cases on opposite sides of the fence.  In *Favela v. Collier*, a group of prison officials moved for summary judgment against a prisoner who claimed that they had failed to protect him from an assault by another inmate. 91 F.4th Cir. 1210, 1211–12 (5th Cir. 2024).  After reviewing the prisoner's grievance record, the officials argued, they found no record of any grievances relating to the prisoner's claim.  *Id.* at 1213.  The prisoner responded to the Officials' motion by filing a declaration in which he swore that he filed a grievance and a "timely" appeal regarding his claim but received no response.  *Id.*  That grievance, according to the prisoner, mentioned that he was attacked five days after warning officials that he was in "danger" and requesting that he "be moved" to a different facility.  *Id.*

The Fifth Circuit rejected the officials' argument that this grievance was too "conclusory" to raise a genuine dispute of fact.  *Id.*  The prisoner "provided the general substance of his" grievance, stated that he filed his initial grievance "about five days after the" attack, and swore that prison officials responded to neither his initial grievance nor his appeal.  *Id.* at 1213–14.  In the Court's view, these facts were "specific" enough to "support" a finding that the prisoner had exhausted his administrative remedies.  *Id.* at 1213.

On the other side of the fence, take *Vinson-Jackson v. Perry*, No. 2:21-cv-10766, 2024 WL 1130248 (E.D. Mich. Feb. 15, 2024), *report & recommendation*

*adopted by* 2024 WL 1120366 (E.D. Mich. Mar. 13, 2024).   There, a prisoner attempted to create a genuine dispute of fact regarding whether he exhausted his administrative remedies by submitting "only a bare affidavit stating that he exhausted his remedies" and "acted in full compliance with the MDOC applica[ble] directives regarding its procedure(s) to remedy such matters." *Id.* at *4–5.   But the prisoner offered "no details" about the grievance. *Id.* at *5.   He did not "show what precisely he may have grieved." *Id.*   He also did not substantiate his conclusion that he "acted in full compliance" with the prison's procedural rules. *Id.*   For example, the prisoner did not mention "when he grieved it, when he appealed it, [or] who he named in it." *Id.*   Without these details, the Court found his affidavit too conclusory to create a genuine issue of fact. *Id.*

This case bears a closer resemblance to *Vinson-Jackson*.   As in *Vinson-Jackson*, Bowman's assertions are deficient in two respects.   First, Bowman provides no details indicating that he filed his grievances "properly."   The PLRA, recall, requires detainees to comply with their Jail's procedural rules. *Ngo*, 548 U.S. at 90, 92.   And the Wayne County Jail requires inmates to follow several procedural requirements.   For example, inmates must write their grievances on designated "forms," they cannot include "multiple unrelated issues" in the same grievance, they must submit their grievance "within ten" days of "the alleged incident," and their grievance cannot be "illegible" or "vague."   (ECF No. 155-4, PageID.952).

Yet Bowman does not provide the Court enough information for it to assess whether his "grievances" complied with these requirements. Although he claims to have submitted several grievances, he does not specify that he did so using the proper form. (ECF No. 162, PageID.1004, ¶ 2). Nor does he specify that each grievance concerned only one of his several, unrelated claims. (*Id.*) He provides no details regarding the timing of his grievances. (*Id.*); *cf. Canada v. Gina M.*, No. 20-cv-10027, 2022 WL 1698660, at *2 (E.D. Mich. May 4, 2022), *report & recommendation adopted by* 2022 WL 1695763 (E.D. Mich. May 25, 2022). And he does not state whether each claim was addressed in a legible and clearly written grievance. (ECF No. 162, PageID.1004, ¶ 2). Rather than provide these supporting details, Bowman relies on the Court to fill in the blanks.

Bowman's assertions are conclusory for another reason: they lack sufficient detail to show that his grievances related to his claims. (*Id.*) *See generally Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002), *abrogated on other grounds by Jones*, 549 U.S. at 216. To determine whether his grievances addressed his claims, the Court must know what, precisely, Bowman discussed in his grievances. What, if anything, did he say about his medical care, the Jail's lead-contaminated water, or his access to the Jail's law library? Did his grievances squarely present these issues to the Jail, or did they allude to them in an equivocal manner? To answer those

20

questions, the Court needs more detail on the contents of Bowman's grievances. *Cf.*
*Vinson-Jackson*, 2024 WL 1130248, at *5.

At bottom, Bowman leaves too much to the Court's imagination, and as a
result, he fails to genuinely dispute the Defendants' showing that he filed no
grievances related to his claims. The Court, therefore, should enter summary
judgment in the Defendants' favor on the rest of Bowman's complaint, and dismiss
these claims without prejudice.[4] *See Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir.
2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is
dismissal without prejudice.").

### D.     Conclusion

For these reasons, I **RECOMMEND** that the Court **GRANT** Defendants'
motion to dismiss or for summary judgment (ECF No. 155), **DENY** Defendants'
motion to strike (ECF No. 170) **AS MOOT**, and **DENY** Plaintiff's motion for leave
(ECF No. 171) **AS MOOT**.

---

[4] Bowman also argues that the Court should deny summary judgment because: (1) he need
not exhaust his administrative remedies to pursue monetary damages," (2) he may exhaust
his administrative remedies while his case is pending, and (3) the Court can excuse
exhaustion if justice so requires. (ECF No. 162, PageID.989–90). The Supreme Court and
the Sixth Circuit have considered and rejected each of these arguments. *Booth*, 532 U.S.
at 740–41; *Ross v. Blake*, 578 U.S. 632, 639 (2016); *Freeman v. Francis*, 196 F.3d 641, 645
(6th Cir. 1999).

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).

22

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 20, 2024

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge