UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE E. BOWMAN,

    Plaintiff,

  v.

WAYNE COUNTY SHERIFF, *et al.*,

    Defendants.

_____/

Case No. 24-10188

Hon. George Caram Steeh
Hon. Patricia T. Morris

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS
(ECF NO. 155), DENYING DEFENDANTS' MOTION TO STRIKE
(ECF NO. 170) AS MOOT, AND DENYING PLAINTIFF'S
<u>MOTION FOR LEAVE (ECF NO. 171) AS MOOT</u>

    On August 20, 2024, Magistrate Judge Patricia T. Morris issued a report and recommendation proposing that the court grant Defendants' motion to dismiss, deny Defendants' motion to strike as moot, and deny Plaintiff's motion for leave as moot. Plaintiff submitted timely objections, to which Defendants responded.

    Plaintiff Antoine Bowman brought this action under 42 U.S.C. § 1983 to challenge conditions at the old Wayne County Jail, where he was temporarily housed for about three months in 2022. He alleges that the jail retained pandemic policies, which prohibited in-person visitation, for longer than necessary and that these policies violated his constitutional rights.

Magistrate Judge Morris recommends that the court dismiss this claim for lack of standing, because Plaintiff did not allege that he was actually injured by the visitation policy. Plaintiff also alleges several more claims related to the lack of indoor or outdoor recreation, retaliatory strip searches and cell searches, access to the law library, the quality of the food, the presence of asbestos and/or lead, and the denial of his requests for medical care. The magistrate judge recommends that these claims be dismissed without prejudice because Plaintiff did not exhaust his administrative remedies.

The court agrees that Plaintiff has not sufficiently demonstrated that he exhausted his administrative remedies. Although Plaintiff states that he submitted grievances, the jail has no record of grievances related to these claims. Plaintiff could overcome the jail's lack of records if he specifically alleged details regarding the steps he took to comply with the grievance procedure and the content of the grievances. *See* ECF No. 178 at PageID 1204, 1208-11. As stated, Plaintiff's allegations are too general and vague to dispute the jail's showing that no grievances were filed. Because Plaintiff has not sufficiently shown that he exhausted his administrative remedies, the court must dismiss without prejudice his claims related to the lack of indoor or outdoor recreation, retaliatory strip searches and cell searches, access to the law library, the quality of the food, the presence of asbestos

and/or lead, and the denial of his requests for medical care. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Vinson-Jackson v. Perry*, No. 2:21-CV-10766, 2024 WL 1130248, at *5 (E.D. Mich. Feb. 15, 2024), *report and recommendation adopted,* 2024 WL 1120366 (E.D. Mich. Mar. 13, 2024) (plaintiff's general statement that he complied with grievance procedure, which lacked detail, was "simply not enough to create an issue of fact sufficient to overcome Defendant's evidence").

As for Plaintiff's visitation claim, the magistrate judge found that Plaintiff did not allege an injury in fact, and therefore lacked standing to challenge the visitation policy. ECF No. 178 at PageID 1200-1201. Plaintiff did not, for example, allege that specific individuals had plans to visit him, but were stymied by the visitation policy. He also did not establish that he was likely to return to the Wayne County Jail in the future. *See Barber v. Charter Twp. of Springfield, Mich.*, 31 F.4th 382, 390 (6th Cir. 2022) (standing requires a plausible allegation of injury in fact that is "concrete, particularized, and actual or imminent").

Plaintiff now contends that his father would have visited him, that the state court has ordered him back to the jail later in 2024, and that his

defense attorney was denied an in-person visit. Because these allegations were not before the magistrate judge, this court need not consider them, absent "compelling" circumstances. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Plaintiff has not raised compelling reasons for failing to allege these facts in his complaint or in his briefing before the magistrate judge. *See* ECF No. 178 at PageID 1201 n.1. In light of the factual allegations before the magistrate judge, she did not err in finding a lack of plausible allegations establishing standing.

The court agrees with Magistrate Judge Morris's conclusion that Plaintiff's complaint should be dismissed without prejudice based upon a lack of standing and his failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's objections are OVERRULED and Magistrate Judge Morris's report and recommendation (ECF No. 178) is ADOPTED as the order of the court. IT IS FURTHER ORDERED that Defendants' motion to dismiss (ECF No. 155) is GRANTED, Defendants' motion to strike (ECF No.170) is DENIED AS

- 4 -

MOOT, Plaintiff's motion for leave (ECF No. 171) is DENIED AS MOOT, and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

Dated: November 5, 2024

                                  s/George Caram Steeh
                                  HON. GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2024, by electronic and/or ordinary mail and also on Antoine Bowman #697842, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/LaShawn Saulsberry
Deputy Clerk